UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MY IMAGINATION, LLC, a
Michigan Limited Liability Company,

    Plaintiff,

v.                                                                    Case No. 14-13321

M.Z. BERGER & CO., INC., a                           HON. AVERN COHN
foreign corporation; M.Z. BERGER
& CO., INC., d/b/a MZB INK; and
MZB IMAGINATION, LLC, a New York
Limited Liability Company,

    Defendants.
_____/

# MEMORANDUM AND ORDER
# DENYING PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION (Doc. 137)

### I. Introduction and Background

This is a business dispute. Plaintiff MY Imagination LLC (MY Imagination) sued defendant MZ Berger & Co. Inc. and MZB Imagination, LLC (MZB) asserting contract and tort claims arising out an Asset Purchase Agreement (APA) governed by New York law. In broad terms, the APA governed the sale of MZB's stationary business to MY Imagination. The Court granted summary judgment to MZB. (Doc. 97). MY Imagination appealed. The Court of Appeals for the Sixth Circuit affirmed in part and reversed in part, finding questions of fact existed on two of MY Imagination's contract claims. See MY Imagination, LLC. v. M.Z. Burger & Co., No. 17-1218 (6th Cir. Feb. 16,

2018) (unpublished).[1] On remand, MZB filed a motion for summary judgment seeking to limit MY Imagination's recovery to no more than nominal damages should it prevail at trial. MY Imagination argued that it is entitled to lost profits and relied on an expert report to establish the amount. The Court granted MZB's motion, finding that if liability is established, MY Imagination is only entitled to nominal damages. (Doc. 135).

Before the Court is MY Imagination's motion for partial reconsideration. (Doc. 137). For the reasons that follow, the motion will be DENIED.

## II. Legal Standard

E.D. Mich LR 7.1(h)(3) governs motions for reconsideration, providing in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Restating arguments does not establish a defect or that the Court was misled. See Intercontinental Electronics, S.p.A. v. Roosen, 210 F. App'x 491, **3 (6th Cir. 2006).

---

[1] As to the contract claims, the Sixth Circuit said:
> The district court granted M.Z. Berger summary judgment on all of MY Imagination's contract claims after finding that MY Imagination could not prove any actual damages. **But the court's emphasis on actual damages was misplaced. In New York, nominal damages are "always available for a breach of contract."** Kronos, Inc. v. AVX Corp., 612 N.E. 2d 289, 292 (N.Y. 1993).

Id. at p. 2-3 (emphasis added). The Sixth Circuit went on to find that there were disputed issues of material fact on MY Imagination's contract claims as to whether (1) MZB used "commercially reasonable" efforts to help MY Imagination acquire its licenses and (2) whether after selling its goodwill, MZB solicited its former retail customers on behalf of Universal's new product line. See id.

III. Discussion

MY Imagination has not satisfied this standard. As an initial matter, it is undisputed that NY law controls and the New York Court of Appeal's decision in Kenford Co. v. County of Erie, 67 N.Y.2d 257 (1986) (Kenford I) holds that a plaintiff cannot obtain lost profits unless it proves all three of the following: (1) "it must be demonstrated with certainty that such damages have been caused by the breach"; (2) "the alleged loss must be capable of proof with reasonable certainty"; and (3) "the particular damages were fairly within the contemplation of the parties to the contract at the time it was made." Id., at 261. Here, the Court found that MY Imagination did not satisfy the first and second elements and therefore declined to address the third element.

MY Imagination does not challenge the Court's conclusion on the first and second elements but rather seeks reconsideration as to the third, contending that a ruling on the third element would prevent a second appeal should the Court's decision on the first and second elements be reversed on appeal. This is not a valid basis for reconsideration. MZB's argument is based on an interpretation of section 16 of the APA and the parties fully briefed the issue. Because MZB prevailed on summary judgment, MZB can raise the issue on appeal and the Sixth Circuit may consider it even even though the Court declined to rule on it. See Dandridge v. Williams, 397 U.S. 471, 475 n. 6 (1970) ("The prevailing party may, of course, assert in a reviewing court any ground in support of his judgment, whether or not that ground was relied upon or even considered by the trial court."); Moses v. Providence Hosp. & Med. Centers, Inc., 561 F.3d 573, 579 (6th Cir. 2009). Thus, there is no reason for the Court to consider whether MY Imagination has satisfied the third element of Kenford I.

MY Imagination also seeks reconsideration on the grounds that the Court erred in finding that its expert did not offer an opinion as to damages for loss of business value. This argument does not carry the day. In his report, Crawford identified three separate possible analyses of MY Imagination's alleged damages related to MZB's alleged failure of to use commercially reasonable efforts to aid the transfer of licenses: (a) loss of business value; (b) lost profits of the business; and (c) lost profits related only to Universal. Crawford then ruled out loss of business value as a reasonable basis to measure damages. Specifically, Crawford stated that:

> The business purpose of MY Imagination was derailed from inception due to the alleged wrongful conduct of MZB. Since the loss of investment in tangible assets, going concern value and goodwill was extensive and the business failed, this is a case where damages could be measured by the loss of that going concern value. The cash investment loss was at least $2.5 million, as earlier noted.
> **However, without having had the opportunity to establish and stabilize the business, it is difficult to project the long-term financial results of the business as the basis for any analysis of the business value "but for" the alleged wrongful acts. Since the licenses that failed were of a short-term nature, it is my opinion that in these circumstances a short horizon lost profits calculation is more appropriate than a calculation of business value based on long-term projections**.

See Doc. 124-28, ¶¶ 32-33) (emphasis added). Crawford then goes on with an analysis of (a) "Lost Profits Based on Contemporaneous Expectations" (¶¶ 34-41); (b) "Lost Profits Based only on Universal Despicable Me/Minions License" (¶¶ 42-45); and (c) "Damages Related to Post-APA Interference with MY Imagination Business – Disgorgement of MZB Unjust Enrichment." (¶ 46) Nowhere in his report did he present any analysis of loss of business value. The only mention of any value related to loss of business value is Crawford's note that the principals invested and/or loaned

4

approximately $2.5 million to the new business. (¶¶ 21, 32). Crawford, however, did not tie the principals' alleged loss of their investment to the value of MY Imagination. He simply did not offer any opinion as to the value of MY Imagination at any time. In seeking reconsideration, MY Imagination has not offered any additional evidence or declaration from Crawford referring the Court to any loss of business value opinion. Because, as the Court previously concluded, the report itself demonstrates that Crawford did not offer an opinion as to loss of business value, MY Imagination is not entitled to reconsideration.

Moreover, in their response to MY Imagination's motion for reconsideration, MZB says that even if Crawford had offered an opinion as to loss of business value, it would be subject to summary judgment for the same reasons that the Court granted summary judgment on lost profits. The Court agrees. To prove a claim for loss of business value under New York law, a plaintiff must make the same three prong showing required to prove lost profits.

> [a]s with lost profits damages, to recover damages for destruction of its business, plaintiff must demonstrate that such damages were caused by the breach, were fairly contemplated by the parties, and are capable of proof and measurement with reasonable certainty.

24/7 Records, Inc. v. Sony Music Entm't, Inc., 566 F.Supp.2d 305, 317 (S.D.N.Y. 2008); see also DuPont Flooring Sys. v. Discovery Zone, Inc., 2004 U.S. Dist. LEXIS 13149, at *15-*16 (S.D.N.Y. July 14, 2004) (applying Kenford to claim for "damages for the destruction of business resulting from a contractual breach"). Thus, regardless of the theory of damages–lost profits or loss of business value–MY Imagination still cannot show causation, as this Court has already found.

5

## IV. Conclusion

For the reasons stated above, MY Imagination's motion for reconsideration is DENIED. MY Imagination is limited to nominal damages in the event the jury finds MZB breached the APA in failing to use reasonable commercial efforts to help transfer the licenses and/or improperly solicited customers.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 1/18/2019
      Detroit, Michigan